UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WISHBONE MEDICAL, INC. and NICK A. DEETER,

        Plaintiffs,

v.

NEXUS SPECIALTY, INC. and PROFESSIONAL SOLUTIONS INSURANCE COMPANY,

        Defendants.

CAUSE NO. 3:24cv496 DRL

OPINION AND ORDER

WishBone Medical, Inc. and Nick Deeter filed this action against Nexus Specialty, Inc. and Professional Solutions Insurance Company (PSIC) alleging the defendants failed to defend and indemnify them in a patent infringement lawsuit. Nexus filed a motion to dismiss, saying as an agent for PSIC it never issued the insurance policy as an insurer and thus isn't a proper party. The court grants the motion.

BACKGROUND

Taking the allegations as true, as the court must at this stage, the following facts emerge for purposes of this motion. On October 30, 2020, WishBone and Mr. Deeter, WishBone's chairman and chief executive officer, were sued by OrthoPediatrics Corporation and Orthex, LLC [10 ¶ 10]. They alleged, among other things, that WishBone and Mr. Deeter infringed their patent [*id.* ¶ 11; 10-2].

WishBone was a named insured under a directors and officers and employment practices insurance policy [10 ¶ 7]. Mr. Deeter says he likewise fell within the scope of an "insured person" under the insurance policy [*id.* ¶ 8]. After receiving notice of the lawsuit, WishBone and Mr. Deeter (whom the court calls WishBone for short today) submitted a notice of claim to Nexus and PSIC on November 10, 2020 seeking defense and indemnity [*id.* ¶ 12]. WishBone received an automatic reply from Nexus stating the company would hear back "shortly with details of the Nexus Claims professional" who would be

handling the claim and that it would receive a Nexus claim reference number [*id.* ¶ 13]. Three days later, on November 13, 2020, a PSIC representative responded [*id.* ¶ 14]. He acknowledged receipt of the claim and gave WishBone the name of the separate claims individual (with Nexus) who would be handling the claim [*id.*]. WishBone didn't receive any subsequent communication from PSIC or Nexus [*id.* ¶ 15].

On May 30, 2023, while actively defending the patent lawsuit, WishBone (through counsel) reached out to the Nexus claims representative it was told was handling its claim [*id.* ¶ 16]. Then, on June 12, 2023, PSIC and Nexus responded to the claim by denying coverage, because the patent lawsuit was an "interrelated wrongful act" related to prior litigation that predated the inception of the insurance policy [*id.* ¶ 17; 1-4].

Without coverage, WishBone sued. Here it seeks a declaratory judgment [10 ¶ 34-38] as well as damages for breach of contract [*id.* ¶ 39-46] and negligence [*id.* ¶ 47-49]. WishBone contends that both PSIC and Nexus failed to investigate the claim reasonably and to defend under a reservation of rights before declining coverage [*id.* ¶ 19]. These acts, according to WishBone, led to a baseless denial of coverage [*id.* ¶ 25]. Nexus filed its motion to dismiss and argued it owed no duties to WishBone. PSIC subsequently filed an objection to the motion "solely for the purpose of preserving its nonparty defense against Nexus" should Nexus's motion be granted. WishBone opposed the motion altogether.

STANDARD

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and more than just speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir.

2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

## DISCUSSION

The premise of the claims here is that Nexus (alongside PSIC) insured WishBone (including Mr. Deeter) and then improperly failed to provide coverage under the policy. Nexus argues that this allegation is plainly undermined by the policy's terms—namely, that Nexus never underwrote the policy or issued it to WishBone. Nexus submits the policy [30-1].

WishBone says the court shouldn't consider the policy because this would insert unverified factual allegations into the discussion. But the entire crux of its complaint is based on the coverage terms of the policy, so the policy constitutes an integral part of the pleadings. *See 188 LLC*, 300 F.3d at 735 ("the purpose of the exception [for documents referred to in the complaint] is to prevent parties from surviving a motion to dismiss by artful pleading or failing to attach relevant documents"); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Nexus says it never issued the policy to WishBone. First, Nexus cites the Private Company Management Liability Policy Declarations. The policy here refers to PSIC as the "issuer" and "underwriter," not Nexus. Second, Nexus references the June 12, 2023 denial letter sent to WishBone (attached to the amended complaint). This letter refers to PSIC as "the insurer subscribing" to the policy

and Nexus as "its agent." In response, WishBone asserts that the well-pleaded facts in its amended complaint counter this view. But when a written instrument, made part of the pleadings, contradicts allegations in the pleading, that document trumps the allegations. *Graue Mill Dev. Corp. v. Colonial Bank & Tr. Co.*, 927 F.2d 988, 991 (7th Cir. 1999); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The letter conforms with the policy. It clearly identifies PSIC as the "insurer subscribing" to the policy and Nexus as its agent. And "acts of the principal are never imputed to the agent." *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) (quotations and citation omitted). Nowhere in the policy is Nexus denoted as an issuer or insurer. In the policy, PSIC is listed as the underwriter and the issuer of multiple endorsements [30-1 at 1, 43, 45, 46, 47, 48]. Although "clearly, a relationship exists between an insurer and its insured because they are in privity of contract," *Erie Ins. Co v. Hickman*, 622 N.E.2d 515, 518-19 (Ind. 1993), "[i]t goes without saying that a contract cannot bind a nonparty," *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 650 (7th Cir. 2015). Accordingly, WishBone cannot sustain its declaratory judgment or contract claims against Nexus.

For the negligence claim, WishBone alleges that the November 10, 2020 acknowledgement letter from Nexus, stating that WishBone would hear back shortly from Nexus regarding the claim, assumed a duty to complete an investigation into the claim. The first step to substantiating a negligence claim is establishing a duty by the defendant. *Yost v. Wabash College*, 3 N.E.3d 509, 515 (Ind. 2014). A defendant cannot be found negligent when it owed no duty to the plaintiff, and whether a duty exists is generally a question of law for the court to decide. *Id.*

In the insurance context, agents may, in certain circumstances, assume a duty sufficient to sustain a negligence claim based on representations to the insured. *See Filip v. Block*, 879 N.E.2d 1076, 1086 (Ind. 2008) (genuine issue of material fact existed regarding whether the agent assumed a duty to advise when she told insured that their personal property would be covered and promised to visit the premises);

4

*Anderson Mattress Co. v. First State Ins.*, 617 N.E.3d 932, 934 (Ind. Ct. App. 1993) (genuine issue of material fact existed regarding whether the agent had assumed and breached a duty to inform the insured that the policy obtained differed from that he had been retained to procure); *cf. Cox v. Mayerstein-Burnell Co.*, 19 N.E.3d 799, 808 (Ind. Ct. App. 2014) (no assumption of duty when the agent made no representations or assurance).

WishBone alleges that Nexus assumed three duties that give rise to a negligence claim: (1) a duty to investigate the claim fully and reasonably; (2) a duty to defend Wishbone under a reservation of rights pending investigation of the claim; and (3) a duty to communicate and update WishBone as to the status of handling the claim [10 ¶ 47]. None are plausibly pleaded as tort duties here.

As to the first and third alleged duties, WishBone has not articulated any facts that would plausibly establish a duty in tort. For instance, WishBone cites nothing in the policy that made Nexus responsible for engaging with WishBone regarding the claim or investigation process. And the only communication WishBone alleges here, indicating Nexus would follow up regarding the claim, came from PSIC, not Nexus. A mere email acknowledgement from Nexus about receipt of a claim that said notification would be sent to the insurer wasn't enough to assume a tort duty to investigate, and WishBone otherwise alleges that thereafter PSIC communicated directly with it to indicate that Nexus had done what the acknowledgement promised. Whether additional facts might be alleged that would plausibly alter this perspective, this pleading does not offer that context.

As to the second alleged duty, WishBone similarly articulates no facts that would make Nexus responsible in tort for defending a claim under a reservation of rights. A contract claim cannot normally be converted into a tort claim, and the insurance policy allocated any duty to defend or insure as between WishBone and PSIC.

Finally, WishBone points to PSIC's objection to Nexus's motion to dismiss for support against dismissal. WishBone argues that the objection supports that Nexus did in fact wholly (or partially) fail in

5

its investigation and breach the insurance agreement. The court disagrees. PSIC filed the objection "*solely* for the purpose of preserving its nonparty defense against Nexus" [33 at 1] (emphasis added). *See Henderson v. Prerovsky*, 2009 U.S. Dist. LEXIS 39739, 1 (S.D. Ind. May 11, 2009) (holding that by making an objection, a defendant had "properly preserved its right to assert nonparty defenses with respect to [other defendants], but that objection will not preclude their dismissal"). PSIC's objection has no bearing on whether Nexus is a proper defendant to the lawsuit.

## CONCLUSION

For these reasons, the court GRANTS Nexus's motion to dismiss [29] and DISMISSES WishBone's claims against this company alone. The case proceeds against PSIC.

SO ORDERED.

November 27, 2024                              *s/ Damon R. Leichty*
                                               Judge, United States District Court