UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WISHBONE MEDICAL, INC. and NICK A. DEETER.,<br><br>Plaintiffs,<br><br>v.<br><br>NEXUS SPECIALTY, INC. *et al.*,<br><br>Defendants. | |
| PROFESSIONAL SOLUTIONS INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NEXUS SPECIALTY, INC.,<br><br>Third-Party Defendant. | CAUSE NO. 3:24cv496 DRL-SJF |

## OPINION AND ORDER

Professional Solutions Insurance Company (PSIC) filed a third-party complaint against Nexus Specialty, Inc. after the court granted Nexus's motion to dismiss it as a defendant to the underlying insurance coverage dispute. Nexus filed a motion to dismiss the third-party complaint, saying PSIC's claims aren't ripe and aren't authorized by leave under Rule 14(a)(1). The court dismisses the third-party complaint without prejudice.

BACKGROUND

The court assumes the well-pleaded facts in PSIC's third-party complaint as true for this motion. In the underlying action, WishBone Medical, Inc. and Nick Deeter, WishBone's

chairman and chief executive officer (whom the court calls WishBone for short today), claim damages arising out of alleged negligence and breach of contract by PSIC in relation to coverage and administration of its Private Company Management Liability Policy, including coverage for directors and officers liability. Nexus is a managing general underwriter.

In March 2020, PSIC and Nexus entered a Managing Underwriter Contract (MUC) [42-1] wherein Nexus agreed to perform certain services for PSIC. The MUC contained a mutual indemnification obligation for losses resulting from "any claims asserted or proceedings brought by or on behalf of any third party with respect to obligations of, or any actions taken or omitted to be taken by, the Indemnifying Party related to this Agreement." The insurance policy issued to WishBone was subject to this MUC such that, as alleged here, Nexus owed "comprehensive management and administration" of the policy and a duty to investigate the claim.

WishBone originally filed suit against both PSIC and Nexus. On November 27, 2024, the court dismissed Nexus as a party in the underlying action. On January 24, 2025, PSIC filed a third-party complaint against Nexus seeking indemnification "should it be found liable for negligence" and unspecified damages for breach of contract because "any finding against PSIC for negligence would be the result of Nexus's failure to fulfill its contractual obligations under the [MUC]." Nexus says this pleading is premature because it is contingent on a finding of liability against PSIC and because PSIC failed to obtain leave to file it. PSIC opposes the motion.

## STANDARD

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as

true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

## DISCUSSION

Nexus says both claims in the third-party complaint aren't ripe. The ripeness doctrine has a Janus-like quality—at times part of the case-or-controversy requirement under Article III to avoid advisory opinions about future unrealized events (thus bearing on the court's subject matter jurisdiction) and at times a peculiarly prudential question of timing (the best time for the court to exercise its decisionmaking power about a controversy that exists). *See Brandt v. Vill. of Winnetka*, 612 F.3d 647, 649-51 (7th Cir. 2010); *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008). Nexus argues that either understanding requires the third-party complaint's dismissal.

In the former sense, the ripeness doctrine gives effect to Article III's case-or-controversy requirement "by preventing the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Sweeney v. Raoul*, 990 F.3d 555, 560 (7th Cir. 2021). In evaluating ripeness, the court considers "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (citation omitted). When a plaintiff's injury "depend[s] on so many future events that a judicial opinion would be advice about remote contingencies," ripeness presents a jurisdictional issue. *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006).

In its first count, PSIC plainly seeks contractual indemnification. PSIC maintains its denial of the underlying lawsuit but alleges that "should it be found liable for negligence" that Nexus owes the insurer "any amount [it] may be required to pay."

This claim isn't ripe. Generally, "decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *accord Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (dismissing indemnity claim when prospective indemnitee had not been deemed liable yet); *Travelers Ins. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) (directing district court to dismiss indemnity claim pending resolution of underlying case); *see also Cent. States v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451 (7th Cir. 2016) (declaration regarding "hypothetical future medical claims arising from injuries that have not yet occurred" was "clearly unripe"); *Coca-Cola Bottling Co.-Goshen v. Vendo Co.*, 455 N.E.2d 370, 373 (Ind. 1983) ("[O]ne of the elements of a claim for indemnity is that the claimant has paid or been compelled to pay a judgment recovered by the injured person.").

A finding that Nexus must indemnify PSIC if something yet unrealized comes to pass has an advisory quality. Deciding the question now would consume judicial resources when that yet-unrealized event (judgment or settlement) has not come to pass, and may never come to pass. Most notably, it remains entirely unclear whether WishBone will even recover from PSIC, let alone the amount that may be owed or the reasons why. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). There also is no hardship to the parties by deferring this question because they may acquire nonparty discovery from Nexus as might be appropriate (a reality the company recognizes too).

PSIC cites cases to elude this general rule, though none help it today. In *Bankers Tr. Co. v. Old Republic Ins.*, 959 F.2d 677, 681 (7th Cir. 1992), for instance, the bank sued (in one case) appraisers after it lost $30 million when they overestimated a borrower's reserves, and the bank sued (in a second case) the insurer to these appraisers for indemnity. The court found the indemnity suit ripe because the parties had a "real disagreement" over the validity of the policy (and a related settlement between the insurer and the appraisers). *See also Medical Assur. Co. v. Weinberger*, 2011 U.S. Dist. LEXIS 62580, 19-20 (N.D. Ind. May 26, 2011) (indemnification claim ripe, though the underlying action was ongoing, because the claim "reach[ed] beyond the basic question of indemnity" by requesting interpretation of indemnity agreement). No one questions the MUC's validity here, nor asks the court to declare rights or obligations under it. PSIC's claim for contractual indemnification hinges entirely on "remote contingencies and facts." *T.H.E. Ins. v. Olson*, 51 F.4th 264, 270 (7th Cir. 2022). The indemnification claim must be dismissed.

PSIC's second claim presents a closer question. In count two, the insurer alleges in name a breach of contract action. PSIC says Nexus owed it comprehensive management and administration of the D&O policy as well as services for claims management and investigation. Argument on this claim is sparse and overshadowed by argument on the indemnity claim; but, as alleged and as argued, PSIC presents this merely as a contingent indemnity-like claim.

First, PSIC alleges no breach by Nexus today. Instead, the same basis for the indemnity claim in count one—that PSIC might prove to be on the hook to WishBone because of negligent claim administration, management, or investigation and, if so, this would be the result of Nexus breaching its contractual duties—serves as the basis for count two, now repackaged in name only as a contract action. PSIC alleges that "any finding against PSIC for negligence would be the

5

result of Nexus's failure to fulfil its contractual obligations under the [MUC]." To know whether Nexus breached the MUC, indeed to know whether PSIC even has a claim for the MUC's breach (as this pleading is couched), requires first a decision on whether PSIC has been found responsible in negligence in the underlying suit by WishBone.

Suppose, for instance, that WishBone prevails on its negligence claim that PSIC failed to follow its own internal claims policies or procedures; there likely is no contract claim by PSIC against Nexus then, not for something PSIC failed to do all its own. But suppose, on the other hand, that WishBone prevails on its negligence claim that PSIC poorly investigated the claim, and PSIC can argue that it contracted for Nexus to perform this role as its agent; that might give rise to a contract claim. As it stands today, PSIC never alleges what Nexus did wrong to present a ripe contract action—and frankly doesn't want to suggest any such thing only to have its agent's actions attributed unfairly to it as the insurer. As such, today there is no real disagreement about whether Nexus breached the MUC, only a potential disagreement in reserve.

Second, PSIC alleges no plausible damages that it has incurred today. Throughout, PSIC views its potential liability as the potential liability of Nexus. PSIC pleads Nexus's responsibility for liability, injuries, and damages alleged by WishBone, to the extent imposed; or it pleads derivative responsibility to the extent that WishBone prevails on its negligence claims ("claims of negligence are derived from the actions of Nexus"). At one point, and perhaps alternatively, PSIC alleges that it "suffered damages" because of Nexus's failure to comply with the MUC. The court must take well-pleaded allegations in this facial attack as true, but this third-party complaint merely offers this in two words, in conclusory fashion, without facts that would give this any real

6

meaning beyond a contingent finding of liability against PSIC. For this second reason, this claim is purely speculative, and accordingly not ripe (much less redressable as an injury yet).

To the extent PSIC intended its third-party complaint to say something else, it has not alleged it, even inferentially, nor in briefing expanded on it. *See Defender Sec. Co. v. First Mercury Ins.*, 803 F.3d 327, 335 (7th Cir. 2015) (permitting party to elaborate on pleading). PSIC calls its own two claims "claims for indemnification." It argues a breach "in the event" it is found liable in negligence. In short, PSIC never explains why it has a claim today, as opposed to a wholly contingent claim depending on the outcome of the case it is still defending. PSIC also never explains what damages it has sustained or could arguably be viewed as having sustained—other than the possibility of damages derivative of Nexus's actions if PSIC becomes liable to WishBone.

And should the court be wrong in this assessment, PSIC has the right to move for leave to file an amended third-party complaint to augment its allegations. Rule 14 permits a defending party to sue a third-party within 14 days after serving its original answer to the plaintiff's complaint. Fed. R. Civ. P. 14(a). After that time, a third-party plaintiff "must, by motion, obtain the court's leave." *Id.* The rule is quite clear what is required. PSIC failed to comply with Rule 14(a) in its first run. A motion for leave might well have introduced the rub here sooner, so the court isn't inclined to overlook the rule's requirements.

The proper disposition of an unripe claim is dismissal without prejudice (as is customary for any claim over which the court lacks jurisdiction). *Medical Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010); *Chattanoga Mfg., Inc. v. Nike Inc.*, 301 F.3d 789, 796 (7th Cir. 2002).

7

CONCLUSION

Accordingly, the court GRANTS the motion to dismiss the third-party complaint against Nexus, without prejudice [49].

SO ORDERED.

June 3, 2025  *s/ Damon R. Leichty*
Judge, United States District Court