**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

NICK A. DEETER, et al.,

        Plaintiffs,

        v.                             CASE NO. 3:24-CV-496-DRL-SJF

PROFESSIONAL SOLUTIONS
INSURANCE COMPANY,

        Defendant.

**OPINION and ORDER**

Several motions are pending before the Court. In this Opinion and Order, the Court addresses Plaintiffs' pending Motion to Compel Against Non-Party Nexus Specialty, Inc., filed on January 8, 2026. [DE 90]. In their motion, Plaintiffs seek to compel Nexus Specialty, Inc.'s ("Nexus"), responses to a subpoena Plaintiffs issued on November 10, 2025. Plaintiffs filed their Certification under Local Rule 37-1 concurrently with their motion. [DE 91]. Nexus timely filed its response in opposition on January 22, 2026. [DE 92]. Plaintiffs' motion to compel became ripe on January 28, 2026, when they timely filed a reply. [DE 93]. The other motions pending before the Court will be addressed in due course.

BecausePlaintiffs' subpoena does not comply with Fed. R. Civ. P. (a)(1)(A)(i), Plaintiffs' motion to compel is denied.

## I.    RELEVANT BACKGROUND

Plaintiffs filed this case against Nexus and Defendant Professional Solutions Insurance Company ("PSIC") after Plaintiffs were sued, *inter alia*, on the grounds of infringing on a patent (the "Federal Case"). [*See* DE 10 at 3, ¶ 10, DE 90 at 2]. Based on a directors and officers and employment practices insurance policy, Plaintiffs submitted a notice of claim to Nexus and PSIC shortly after the lawsuit against them was filed, seeking defense and indemnity. [DE 10 at 3-4 ¶¶ 7-12].  On the same day, Nexus issued an automatic reply stating that details would be forthcoming shortly with the Nexus professional who would be handling the claim, along with a Nexus claim reference number. [*Id.* at 4, ¶ 13]. Three days later, a PSIC representative responded with acknowledgement of receipt of the claim and provided the name of the individual associated with Nexus set to handle the claim. [*Id.* at 4, ¶ 15]. Nexus and PSIC did not take any further action until a little under three years later, responding to the claim by denying coverage for the patent lawsuit. [*Id.* at 5, ¶¶ 17-19]. That denial letter refers to PSIC as "the insurer subscribing" to the policy and Nexus as "its agent." [DE 36 at 3-4].

In this case, Nexus filed a motion to dismiss, arguing that it was an agent for PSIC and never issued the insurance policy as an insurer and so was not a proper party to this lawsuit. [*See* DE 36 at 1]. Instead, Nexus served as PSIC's general managing agent under a separate contract. [DE 90 at 3, DE 66-8]. Because Nexus was non-party to the insurance policy at issue, the Court held that the declaratory judgment and contract claims could not be sustained against it. [DE 36 at 4]. The Court also held that Plaintiffs had not identified sufficient facts to show that Nexus had assumed a duty in tort based

2

on its representations to the insured. [*Id.* at 5]. Therefore, the Court also dismissed the negligence claim against Nexus. [*Id.*].

PSIC's third-party complaint against Nexus was also eventually dismissed, but without prejudice. [*See* DE 56]. PSIC brought its third-party complaint against Nexus based on the parties' contract, where Nexus agreed to perform certain services for PSIC. [*Id.* at 2]. The parties' contract contained a mutual indemnification obligation for losses a third-party suffered as a result of any action or inaction taken by either party under their contract. [*Id.*]. The insurance policy under which Plaintiffs submitted their notice of claim was subject to the agreement between PSIC and Nexus since Nexus owed comprehensive management and administration of the policy and a duty to investigate the claim in the Federal Case. [*Id.*]. PSIC's third-party complaint was dismissed as premature because it remained contingent on a finding of liability against it, which to date has not occurred. [*See id.*].

With all of the claims against it in this lawsuit dismissed, Nexus is now a third-party. Accordingly, Plaintiffs issued their subpoena *duces tecum* to Nexus on November 10, 2025. [DE 90 at 3]. Plaintiffs' subpoena seeks information about the working relationship between PSIC and Nexus under their contract. [*Id.*].

Plaintiffs bring this motion to compel in order to enforce their subpoena *duces tecum* to Nexus. [DE 90 at 3]. Plaintiffs argue that the subpoena to Nexus seeks discoverable and relevant information that supports Plaintiffs' damages. [*Id.*]. Plaintiffs note that the subpoena is nearly identical to discovery requests Plaintiffs submitted to PSIC. [*Id.*]. Plaintiffs further note that in response to those requests, PSIC confirmed in

writing that the documents sought would be in Nexus' possession, custody, or control based on the contractual relationship between PSIC and Nexus. [*Id.* at 5-6].

Nexus objected to the subpoena *duces tecum* on November 24, 2025, fourteen days after the subpoena was served and on its deadline to provide responsive documents. In its November 24, 2025, correspondence Nexus presented several arguments as to why responding to the three requests found in Plaintiff's subpoena would not be proper. [DE 90 at 4, DE 90-2]. Plaintiffs filed their motion to compel after a meet and confer and some follow-up email correspondence between parties' counsel failed to persuade Nexus to tender any material in response to the subpoena.

## II.    LEGAL STANDARD

A party has a general right to subpoena any person to produce designated documents for inspection and copying. Fed. R. Civ. P. 45. This right is not limitless, however, and a district court may modify a subpoena if it fails to allow a reasonable time for compliance or subjects the respondent to an undue burden. Fed. R. Civ. P. 45(d)(1); *see CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). The scope of discovery available through a Rule 45 subpoena generally is measured by the same broad relevancy standard applicable to party discovery under Rule 26(b)(1). *See, e.g., Jackson v. Brinker*, 147 F.R.D. 189, 193–94 (S.D. Ind. 1993). Generally, a party is only permitted to obtain discovery regarding a nonprivileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

4

If necessary, the serving party may also "move the court . . . for an order compelling production or inspection" of the requested materials. Fed. R. Civ. P. 45(d)(2)(B)(i). Plaintiffs have properly done so here.

### III.   ANALYSIS

#### a.  Meet and Confer Requirements

The Court finds that Plaintiffs have complied with the meet and confer obligations found in Local Rule 37-1(a) and that Plaintiffs have engaged in a good faith effort to secure Nexus' compliance without Court action.  Therefore, the Court turns its attention to the unresolved issues identified in Plaintiffs' motion to compel.

#### b.  Motion to Compel Subpoena Responses from Nexus

To be enforceable, the subpoena must comply with the substantive requirements for a subpoena set out by Rule 45. Fed. R. Civ. P. 45(a)(1)(A). Rule 45(a)(1)(A) requires that every subpoena state the court from which it is issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the production, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45 (a)(1)(A)(i)–(iv). Relevant here, "[e]very subpoena *must* . . . state the court from which it issued[.]" Fed. R. Civ. P. (a)(1)(A)(i) (emphasis added); *Morrison v. YTB Intern., Inc.*, 2010 WL 1752579, at *2 (S.D. Ill. Apr. 30, 2020). Presumably to aid in compliance, the publicly available federal form subpoena (AO 88B)[1] contains an alphabetical drop-down menu where the drafter can easily select the issuing district court from all

---

[1] This form subpoena is available at https://www.uscourts.gov/sites/default/files/ao088b.pdf.

available districts so that Fed. R. Civ. P. 45(a)(1)(A)(i) is satisfied. Plaintiffs used this available form subpoena, but failed to choose an issuing court from the drop-down menu. [*See* DE 90-1]. Therefore, Plaintiffs' subpoena was not properly issued under the requirements of Fed. R. Civ. P. 45.

Accordingly, Nexus argues that Plaintiffs' subpoena is unenforceable, and so must be denied, because it did not include an issuing court. Nexus first raised the defect with its objections in its initial letter to Plaintiffs' counsel on November 24, 2025. [DE 90-2 at 1]. Plaintiffs argue that their failure to include any issuing court, much less the Northern District of Indiana, was a minor procedural deficiency that Nexus excused in their meet and confer. Nexus in turn argues that when its counsel conveyed that it did not intend to push the issue of "lack of district court name" it recognized that Plaintiffs could remedy the issue of a missing issuing court easily by issuing a new subpoena in their correspondence, but that it did not excuse this defect. [*See* DE 90-3, DE 92 at 9-10]. In addition to timely raising this defect, Nexus has not provided any documents in response to Plaintiffs' subpoena to date.

Based on mandating language found in Fed. R. Civ. P. (a)(1)(A)(i) and this communication between counsel, Nexus did not unambiguously waive this requirement, because it was not explicit in doing so.

Further, Plaintiffs have not provided any legal support as to why the Court should excuse the requirement in Fed. R. Civ. P. 45(a)(1)(A)(i). To the contrary, the Court has found several cases where other courts held that a subpoena which did comply with the clear requirements of Rule 45(a)(1)(A) was "void on its face and

6

unenforceable." *See Berg v. Johnson & Johnson*, No. 09–4179–KES, 2012 WL 4119416, at *1 (D. S. D. Sept. 19, 2012) (subpoena not issued by court where deposition was to be taken was void on its face and unenforceable) (collecting cases); *U.S. Bancorp Equip. Fin. Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 139 (E.D. N.Y. 2010) (holding facially invalid subpoena unenforceable) (collecting cases); *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994).

The Court is aware that this is a harsh result, especially here where Nexus has been aware of this litigation since its inception, as it was named as a defendant. The Court also recognizes that the concerns that the requirement in Rule 45(a)(1)(A)(i) reflects are allayed because Nexus is not responding to some previously unknown party involved in a case from an unknown and potentially far-flung jurisdiction. However, the Court will not excuse compliance with the clear requirement found in Fed. R. Civ. P. 45(a)(1)(A)(i), when Nexus has not waived its enforcement and where it would have been easy for Plaintiffs to issue a compliant subpoena.

## IV.    CONCLUSION

Accordingly, Plaintiffs' Motion to Compel Against Non-Party Nexus Specialty, Inc., is **DENIED**. [DE 90].

**SO ORDERED** this 16th day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge